**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Andy Charles Bodie, | No. CV 10-2788-PHX-RCB (ECV) |
| Plaintiff, | **ORDER** |
| vs. | |
| Unknown Tipten, et al., | |
| Defendants. | |

Plaintiff Andy Charles Bodie, who is confined in the Arizona State Prison Complex, Cook Unit, in Florence, Arizona, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. The Court will order Defendants Tipten and Lockhert to answer Counts I and II of the Complaint.

**I.     Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). The statutory fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

/   /   /

**TERMPSREF**

## II.     Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*)).

### III. Complaint

Plaintiff alleges two counts in his Complaint for violation of his religious exercise rights while Plaintiff was confined at the Pinal County Jail. Plaintiff sues Pinal County Detention Officers Tipten and Lockhert. Plaintiff seeks declaratory and compensatory relief.

An institutionalized person may bring a claim for violation of his religious rights under the RLUIPA, 42 U.S.C. §§ 2000cc-2000cc-5, and/or the First Amendment. RLUIPA prohibits the government from imposing a substantial burden on the religious exercise of an institutionalized person unless the government establishes that the burden furthers a "compelling governmental interest" and does so by "the least restrictive means." 42 U.S.C. § 2000cc-1(a)(1) - (2). "[A] 'substantial burden' on 'religious exercise' must impose a significantly great restriction or onus upon such exercise." Warsoldier v. Woodford, 418 F.3d 989, 995 (9th Cir. 2005) (quotations omitted). Thus, an institutionalized person's religious is substantially burdened "'where the state . . . denies [an important benefit] because of conduct mandated by religious belief, thereby putting substantial pressure on an adherent to modify his behavior and to violate his belief.'" Id.

In addition to RLUIPA, "[i]nmates clearly retain protections afforded by the First Amendment, including its directive that no law shall prohibit the free exercise of religion." O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987) (internal quotations and citations omitted). However, free exercise rights are "necessarily limited by the fact of incarceration, and may be curtailed in order to achieve legitimate correctional goals or to maintain prison security." Id. To state a First Amendment free exercise claim, a plaintiff must allege that a defendant substantially burdened his religious practice without a justification reasonably-related to legitimate penological interests. Shakur v. Schriro, 514 F.3d 878 (9th Cir. 2008); Warsoldier, 418 F.3d at 995 (citing Thomas v. Review Bd. of the Ind. Employment Sec. Div., 450 U.S. 707, 717-18 (1981) (pressure on exercise must be substantial)); Malik v. Brown, 16 F.3d 330, 333 (9th Cir. 1994); Canell v. Lightner, 143 F.3d 1210, 1215 (9th Cir. 1998).

Plaintiff alleges the following facts in his Complaint: Plaintiff is Navajo. It is part of

1  the Navajo religious tradition to keep their hair and Plaintiff's hair is "sacred" to him. When
2  strands of his hair fell out while Plaintiff was at the jail, Plaintiff saved the hair to send to his
3  niece so that she could burn it with medicinal herbs as part of Navajo religious practice. On
4  September 29, 2010, Officer Tipten took the hair being saved by Plaintiff during a cell
5  search. Plaintiff asked Tipten to let him keep the hair, but Tipten told Plaintiff that he could
6  only return it if his superiors approved the return and that it would otherwise be thrown
7  away. Tipten also told Plaintiff to send a kite to Chaplain Mike asking him to give Plaintiff
8  written permission to keep the hair. Plaintiff submitted a grievance to a "Top Official" but
9  was informed that because he had not told his booking officer about his religious preference
10 there was nothing that could be done.

11 On October 14, 2010, after Plaintiff returned from court, Officer Lockhert checked
12 Plaintiff's cell and found hair being saved by Plaintiff and took it. Plaintiff asked Lockhert
13 for a grievance form, but Lockhert refused and told Plaintiff the grievance would not be
14 accepted anyway because the Navajo ritual of saving hair was unknown to them.

**IV.   Claims for Which an Answer Will be Required**

Plaintiff sufficiently states a claim for violation of his religious exercise rights against Tipten and Lockhert in Counts I and II. Defendants Tipten and Lockhert will be required to respond these counts.

**V.   Warnings**

**A.   Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

**B.   Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this

TERMPSREF

- 4 -

action.

### C. Copies

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed *In Forma Pauperis* is **granted**. (Doc. 12.)

(2) As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial filing fee.

(3) Defendants Tipten and Lockhert must answer Counts I and II.

(4) The Clerk of Court must send Plaintiff a service packet including the Complaint (Doc. 1), this Order, and both summons and request for waiver forms for Defendants Tipten and Lockhert.

(5) Plaintiff must complete and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(6) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on a Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(I).

(7) The United States Marshal must retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

(8) The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendants must include a copy of this Order. **The Marshal must immediately file signed waivers of service of the summons. If a waiver of service of summons is returned as undeliverable or is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must**:

(a) personally serve copies of the Summons, Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

(b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(9) **A Defendant who agrees to waive service of the Summons and Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(10) Defendant must answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(11) Any answer or response must state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

1     (12)    This matter is referred to Magistrate Judge Edward C. Voss pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

DATED this 27th day of April, 2011.

                                     /s/ Robert C. Broomfield
                                      Robert C. Broomfield
                                      Senior United States District Judge