1 **WO**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

ANDY CHARLES BODIE, ) No. CV 10-2788-PHX-RCB (ECV)
)
    Plaintiff, ) **ORDER**
)
vs. )
)
TIPTEN, et al. )
)
    Defendants. )
)

Plaintiff Andy Charles Bodie brought this civil rights action under 42 U.S.C. § 1983 against Pinal County Detention Officers Roland Tipton and Lawrence Lockhart (Doc. 1).[1] Before the Court is Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment for Failure to Exhaust Administrative Remedies (Doc. 35), which Plaintiff opposes (Doc. 38).

The Court will grant the motion and terminate the action.

**I.    Background**

Plaintiff's claims arose during his confinement at the Pinal County Jail in Florence, Arizona (Doc. 1 at 1).[2] In his Complaint, Plaintiff explained that he is Navajo and it is part

---

[1] Plaintiff named *Tipten* as a Defendant (Doc. 1), but Defendants' filings reflect that the correct spelling of Defendant's name is *Tipton* (see Docs. 20, 35).

[2] Plaintiff is currently housed at the Arizona State Prison Complex-Eyman, Cook Unit in Florence, Arizona (Docs. 8-9).

of the Navajo religious tradition for adherents to keep their hair, which they consider to be sacred (id. at 3). Plaintiff averred that when strands of his hair fell out while he was at the jail, he saved the hair to send to his niece so that she could burn it with medicinal herbs as part of Navajo religious practice (id.).

In Count I of his pleading, Plaintiff alleged that during a cell search on September 29, 2010, Tipton took the hair that Plaintiff had been saving. Plaintiff claimed that when he asked Tipton to let him keep the hair, Tipton told him that he could return the hair only if the "Top Official" approved it, otherwise, the hair would be thrown away. According to Plaintiff, Tipton advised him to send a kite to Chaplain Mike to obtain permission to keep the hair. Plaintiff claimed that he submitted a grievance to one of the Top Officials but was told that since he did not indicate his religious preference to the booking officer, there was nothing that could be done and the hair could not be kept. Plaintiff averred that he asked several times if he could the grieve the issue, but he was ignored.

In Count II, Plaintiff alleged that upon his return from court on October 14, 2010, Lockhart checked Plaintiff's cell and took hair that Plaintiff had been saving. Plaintiff stated that he requested a grievance form but Lockhart refused and told Plaintiff the grievance would not be accepted anyway because the Navajo ritual of saving hair was an unknown practice.

The Court screened Plaintiff's Complaint and determined that his allegations stated claims for violations of his religious rights under the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. §§ 2000cc-2000cc-5, and under the First Amendment (Doc. 14).

Defendants now move for dismissal or summary judgment on the ground that Plaintiff failed to exhaust administrative remedies as required under the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a) (Doc. 35).

**II.     Exhaustion Legal Standard**

Exhaustion is a matter in abatement, which is properly raised in an unenumerated Rule 12(b) motion to dismiss rather than a motion for summary judgment. <u>Wyatt v. Terhune</u>, 315

F.3d 1108, 1119 (9th Cir. 2003). This is because summary judgment is on the merits, whereas dismissal for nonexhaustion is not. Id. Defendants' motion will therefore be construed as an unenumerated Rule 12(b) motion to dismiss.

Under the PLRA, an inmate must exhaust available administrative remedies before bringing a federal action. See 42 U.S.C. § 1997e(a); Griffin v. Arpaio, 557 F.3d 1117, 1119 (9th Cir. 2009). Exhaustion is required for all suits about prison or jail life, Porter v. Nussle, 534 U.S. 516, 523 (2002), regardless of the type of relief offered through the administrative process, Booth v. Churner, 532 U.S. 731, 741 (2001). An inmate must complete the administrative review process in accordance with the applicable rules. See Woodford v. Ngo, 548 U.S. 81, 92 (2006).

Exhaustion is an affirmative defense. Jones v. Bock, 549 U.S. 199, 212 (2007). Thus, the defendant bears the burden of raising and proving the absence of exhaustion. Wyatt, 315 F.3d at 1119. Because exhaustion is a matter in abatement in an unenumerated Rule 12(b) motion, a court may look beyond the pleadings to decide disputed issues of fact. Id. at 1119-20. When doing so, a court has broad discretion as to the method to be used in resolving the factual dispute. Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988) (quotation omitted). If a court finds that the plaintiff failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Wyatt, 315 F.3d at 1120.

### III. Parties' Contentions

#### A. Defendants' Motion

In support of their claim that Plaintiff failed to exhaust remedies, Defendants submit the affidavit of Nicole Youssef, a Grievance Officer at the Pinal County Jail (Doc. 35, Ex. 1, Youssef Aff. ¶ 2). Youssef describes the four levels of the jail's grievance process: (1) the informal grievance process; (2) the formal grievance process; (3) the first level of appeal; and (4) the second level of appeal (id. ¶¶ 5-8). In the informal grievance process, an inmate must attempt to resolve his complaint through informal means with staff in the area (id. ¶ 5(a)(i-ii)). If the issue is not resolved, the Unit Supervisor completes an Informal Resolution Form

1 with the inmate to discuss the complaint (id. ¶ 5(a)(iii)). If the complaint is not resolved with
2 the Unit Supervisor, the inmate may proceed to the formal grievance process by filing a
3 Formal Grievance Form, which is provided by the Shift Supervisor (id. ¶ 8(a)(i)). The
4 Grievance Officer responds to the formal grievance, and if the inmate is not satisfied, he may
5 proceed to the two levels of appeal (id. ¶ 8(a)(iv)). The first level appeal is responded to by
6 the Command Staff (id.). If the inmate is not satisfied with that response, he may submit a
7 second and final level appeal to the Grievance Officer (id.).

8 Youssef avers that she reviewed the grievance files and found no record that Plaintiff
9 filed any grievances related to the incidents that allegedly occurred on September 29 and
10 October 14, 2010 (id. ¶ 10).

11 Defendants also submit the affidavit of Tonya Delgado, a Sergeant at the Pinal County
12 Jail (id., Ex. 2, Delgado Aff. ¶¶ 2-3). Delgado states that during the jail's orientation process,
13 each inmate is provided with a copy of the Institutional Inmate Handbook, which includes
14 the grievance procedures (id. ¶ 7). She avers that on August 27, 2010, she presented an
15 orientation during which she provided the information contained in the Handbook (id. ¶ 9).
16 Attached to Delgado's affidavit is a copy of the orientation roster for the August 27, 2010,
17 which includes Plaintiff's signature (id., Ex. 2).

18 Defendants contend that this evidence demonstrates that Plaintiff did not seek any
19 informal resolution or file any grievance or appeals related to his claims (Doc. 35 at 4). They
20 also note that in his Complaint, Plaintiff admitted that he did not file any appeals to the final
21 level (id.). For these reasons, Defendants request that the Complaint be dismissed (id.).

22 **B.     Plaintiff's Response**[3]

23 In response, Plaintiff asserts that when he requested help with the grievance
24 procedures, Defendants advised him that he must submit a kite/inmate letter to obtain a
25 grievance form (Doc. 38 at 1). He explains that, with assistance from another inmate—Jerry

---

[3]The Court issued a Notice required under Wyatt, 315 F.3d at 1120 n. 14, which informs pro se prisoner litigants of the obligation to respond to motions seeking dismissal for failure to exhaust (Doc. 37).

1 Guerri—he was able to file a grievance form or letter and other inmates helped him prepare letters to the paralegal, the chaplain, and to the courts (id., Ex. A, Pl. Decl. ¶ 7). Plaintiff also states that he spoke with a female grievance coordinator, a chaplain, and a paralegal after they pulled him out of his cell and told him that there was nothing they could do for him so he should drop the grievance (id. ¶ 8).[4]

Plaintiff concludes that the exhaustion issue delays this case and averts attention away from Defendants' violation of his religious rights, for which they should be held accountable (Doc. 38 at 2-3).

### C. Defendants' Reply

In their reply, Defendants argue that Plaintiff cannot show that he fully exhausted the grievance procedures and that his responses regarding exhaustion are contradictory (Doc. 40 at 1-2). They point to Plaintiff's "Motion to Object to Defendants' Motion to Dismiss and/or for Summary Judgment" (Doc. 29), which Plaintiff filed in response to Defendants' request for leave to submit their Motion to Dismiss (see Doc. 25). Defendants assert that in his Motion to Object, Plaintiff claimed to have filed an Inmate Request Form and spoken with a grievance official and unit supervisor (Doc. 40 at 2, citing Doc. 29 at 4). Defendants compare that claim to the claim in Plaintiff's subsequent response memorandum, where he asserts that he submitted a grievance form or letter with the help of another inmate (Doc. 40 at 2, citing Doc. 38 at 1). Defendants note that an Inmate Request Form is not a grievance form, and they contend that even assuming that Plaintiff's contact with a grievance official or unit supervisor satisfied the initial informal grievance process, there is no evidence that he proceed to the formal grievance process by filing an Inmate Grievance Form (Doc. 40 at 2).

---

[4] In addition to his own declaration, Plaintiff submits the declaration of another inmate, Jose A. Zepeda (Doc. 38, Ex. B), and copies of discovery requests (id., Ex. C). The Court finds that Zepeda's declaration statements, although they each state "I personally know," do not establish the basis of Zepeda's personal knowledge (see id., Ex. B, Zepeda Decl. ¶¶ 5-9). For example, he does not declare that he was present and personally observed certain actions by Plaintiff or Pinal County Jail staff. Absent a showing of personal knowledge, the Court will not consider the declaration, and the discovery requests are not relevant to the motion.

Defendants further contend that even if Plaintiff had submitted an Inmate Grievance Form as he now claims, he failed to proceed to the first and second appeal levels of the grievance process and he therefore failed to properly exhaust remedies (id. at 3-4).

**IV. Analysis**

As stated, Defendants must demonstrate that there were remedies available to Plaintiff. See Wyatt, 315 F.3d at 1119; see also Brown v. Valoff, 422 F.3d 926, 936-37 (9th Cir. 2005). Plaintiff was only required to exhaust *available* remedies. Brown, 422 F.3d at 936-37. The PLRA's exhaustion requirement is not absolute, and certain facts may justify exceptions where remedies were effectively unavailable. Nunez v. Duncan, 591 F.3d 1217, 1223-24 (9th Cir. 2010). Here, Plaintiff does not dispute that he failed to exhaust all levels of the Pinal County Jail's grievance system; however, he maintains that remedies were effectively unavailable.

Contrary to Defendants' contention, Plaintiff asserted in both his Motion to Object and his response memorandum that he submitted a grievance form (Doc. 29 at 4; Doc. 38 at 1, Ex. A, Pl. Decl. ¶ 7). Plaintiff also consistently alleged—in his Complaint, Motion to Object, and response memorandum—that he spoke to a female grievance coordinator official who advised him that there was nothing that could be done for him and he should drop the grievance (Doc. 1 at 3; Doc. 29 at 4; Doc. 38, Ex. A, Pl. Decl. ¶ 8). But Plaintiff does not identify this grievance official, nor does he indicate the specific date he spoke to her. Plaintiff also fails to explain why he did not proceed to the appeal level of the process after receiving this response from the grievance official. Further, while Plaintiff asserted in his Complaint that he tried several times to grieve the issue (Doc. 1 at 3), in his subsequent filings, he fails to provide any specific facts describing those attempts to grieve, such as who he spoke to or requested forms from or when the attempts took place.

In his response, Plaintiff posits that Defendants fail to address grievances as a means to deny Native American inmates their religious rights (Doc. 38 at 2). But the grievance procedures provide that if there is no response at any level in the grievance process, the inmate may move to the next step in the process (Doc. 35, Ex. 1, Policy 4.3 § 4.3.2.7).

Again, Plaintiff does not provide a reason for his failure to proceed to the next step after receiving no relief at the initial levels of the grievance process.

Plaintiff also suggests that he did not fully understand the grievance system and that the grievance procedures were not sufficiently explained at orientation (Doc. 29 at 3; Doc. 38 at 1-2). He states that his education did not extend beyond elementary school (Doc. 38, Ex. A, Pl. Decl. ¶ 7). But Plaintiff acknowledges that he received the Inmate Handbook, that he received assistance from other inmates, and that he had access to the paralegal (id.; Doc. 29 at 3). In addition, the Court finds that Plaintiff has sufficiently articulated his claims and capably presented arguments in response to Defendants' motions. Thus, there is no evidence that remedies were effectively unavailable due to Plaintiff's inability to navigate the grievance process.

Finally, Plaintiff contends that given the merits of his claim, fairness dictates that his Complaint should not be dismissed (Doc. 38 at 3). But the exhaustion requirement is mandatory, and a prisoner's failure to properly exhaust remedies for his claim results in a complete bar to any federal litigation arising out of that claim, even if is meritorious. See Porter, 534 U.S. at 524; see also Woodford, 548 U.S. at 117-18 (J. Stevens, dissenting) (noting that the exhaustion requirement may result in harsh and seemingly unjust results—namely, an inmate's inability to pursue a valid and meritorious claim).

On the record before the Court, Defendants have demonstrated that Plaintiff did not exhaust administrative remedies for either count in his Complaint. The Motion to Dismiss will therefore be granted, and the action will be dismissed without prejudice.

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is **withdrawn** as to Defendants' Motion to Dismiss for Failure to Exhaust Administrative Remedies (Doc. 35).

(2) Defendants' Motion to Dismiss (Doc. 35) is **granted**.

. . .

(3) The Clerk of Court must enter judgment accordingly and terminate this action.

DATED this 7th day of November, 2011.

_____
Robert C. Broomfield
Senior United States District Judge